IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:19-cr-00181 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| DONTA A. LITTLEJOHN, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. Introduction

Before the Court is Defendant Donta A. Littlejohn's Motion for Immediate Compassionate Release (ECF Doc. 27) and Supplement to Motion for Compassionate Release. ECF Doc. 31. On September 18, 2020, Mr. Littlejohn was sentenced to 120 months in prison for Distribution of Heroine and Fentanyl (Count 1), to 120 months in prison for Distribution of Fentanyl (Count 2), and 120 months to run concurrently with Counts 1 and 2 for Distribution of Fentanyl (Count 3). ECF Doc. 23. He is currently being held at FCI McKean with an expected release date of March 10, 2028.[1]

On August 31, 2021, Mr. Littlejohn's appointed counsel, filed a supplement to his motion. ECF Doc. 31. On October 1, 2021, the Government filed an opposition to Mr. Littlejohn's motion. ECF Doc. 34.  For the reasons stated herein, Mr. Littlejohn's Motion for Compassionate Release under the First Step Act of 2018 is **DENIED**.

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last accessed October 21, 2021).

1

## II. Exhaustion

Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement. Under *United States v. Alam*, the request may come through a motion filed by the inmate after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoners]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Mr. Littlejohn has exhausted his administrative remedies by seeking compassionate release through acting Warden Trate. ECF Doc. 31-1.  Warden Trate denied Mr. Littlejohn's request for compassionate release on August 12, 2021. *Id*.  Based on this information, Mr. Littlejohn has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. Factors Warranting Early Release

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

### A. Extraordinary and Compelling Reasons

When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2) whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984

F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Mr. Littlejohn raises the following "extraordinary and compelling" reasons for compassionate release: 1) his alleged inadequate medical care and treatment provided to him by the BOP at FCI McKean; 2) his health conditions and demographic which he believes place him at high risk should he contract COVID-19; 3) his need to participate in the care of his elderly, homebound grandmother; and 4) his post-conviction accomplishments. ECF Doc. 27 at 9-31.

### 1. Inadequate Treatment of Health Conditions

Mr. Littlejohn argues that he should have been placed at a BOP facility with a higher "Care Level," and not at FCI McKean, which is designated as a "Care Level 1" facility by BOP.[2] ECF Doc. 27 at 9-14. Mr. Littlejohn has produced evidence that he has been diagnosed with atrial fibrillation, heart palpitations, shortness of breath, obesity, and anxiety either prior to or during his incarceration at FCI McKean. ECF Doc. 27-2 at 1-27, ECF Doc. 31 at 2 and 29. Mr. Littlejohn contends he has repeatedly attempted to inform authorities of his irregular heartbeat since his arrest in August of 2020. ECF Doc. 27 at 9-11. He further contends that, upon being informed, arresting authorities transported Mr. Littlejohn to MetroHealth Systems where he claims healthcare providers documented and agreed with his health claims. ECF Doc. 27 at 9-10 and ECF Doc. 29 at 1-4. Mr. Littlejohn has provided evidence of these health conditions in the form of medical records from both MetroHealth System and FCI McKean. *Id.* He further argues that these medical conditions warrant his being placed in a higher "Care Level 2" facility. ECF Docs. 27 at 11-14. Mr. Littlejohn's recent medical records from FCI McKean state that he is currently diagnosed with and being treated for the following conditions: essential hypertension,

---

[2] Mr. Littlejohn's complaint that he should be housed at a different facility is not a proper basis for compassionate release. However, it is closely related to his motion for early release.

irregular heartbeat, obesity, and anxiety, but they also show that his health conditions are currently stable, and well managed. ECF Doc. 27-2. These diagnosed health conditions place Littlejohn firmly within the "Care Level 1" category, which is the designation of the healthcare facilities at FCI McKean. *See* U.S. Dept. of Just., Fed. Bureau of Prisons, Legal Resource Guide 2019.[3] Thus, Mr. Littlejohn's health is appropriately cared for at FCI McKean's Care Level 1 facilities.

### 2. Impact of Individual Health Conditions and Demographics

Next, Mr. Littlejohn argues that his individual health conditions, in combination with his demographics place him at an increased risk of severe illness should he contract COVID-19. ECF Doc. 27 at 15-29. Mr. Littlejohn has produced evidence showing that he is obese and has essential hypertension, an irregular heartbeat, and anxiety. ECF Doc. 31 at 2. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get severely ill from COVID-19." Last updated on August 20, 2021, the CDC has determined that having heart conditions and being obese may increase the likelihood of severe illness from COVID-19. *See United States v. Elias*, 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The Government does not dispute Mr. Littlejohn's conditions.

However, the BOP has taken considerable measures to reduce the risk of inmates contracting COVID-19. For example, the BOP has offered the vaccine to inmates, including Mr. Littlejohn who has now been fully vaccinated. The Government reports that 84% of the current inmate population at FCI McKean has been fully vaccinated. ECF Doc. 34 at 4. FCI McKean

---

[3] www.bop.gov/resources/pdfs/legal_guide_march_2019.pdf.

4

currently reports that there are no confirmed active cases among inmates.[4] Because he has been fully vaccinated and is not being exposed to a severe COVID-19 outbreak at FCI McKean, Mr. Littlejohn's underlying medical conditions do not constitute an extraordinary and compelling reason justifying his early release.

### 3. Need to Care for Grandmother

Mr. Littlejohn also argues that his need to care for his grandmother constitutes an extraordinary and compelling reason for his early release. The Court sympathizes with Petitioner's grandmother, Mrs. Littlejohn, and her ongoing medical conditions. However, caring for an elderly grandmother is not a reason justifying early release. In the context of compassionate release, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C). Under this policy statement, "[c]are of parents is not a qualifying basis for early release." *See, e.g., United States v. Henry*, No. 13-91, 2020 U.S. Dist. LEXIS 119111, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); *see also United States v. Goldberg,* No. 12-180, 2020 U.S. Dist. LEXIS 63885, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents"). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 14-40, 2019 U.S. Dist. LEXIS 118304, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019); *see also United*

---

[4] https://www.bop.gov/coronavirus/ (last accessed on October 18, 2021)

5

*States v. Gaskin,* No. 15-352, 2020 U.S. Dist. LEXIS 231838, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) ("[T]he desire to care for elderly parents" or grandparents does not "qualify as extraordinary").

Moreover, the cases on which Mr. Littlejohn relies: *United States v. Morrison, United States v. Kataev*, and *United States v. Reyes*, are readily distinguishable from the instant case. In *Morrison*, defendant's elderly mother was the only caregiver to defendant's minor children. Defendant's mother suffered from debilitating spinal stenosis and was the sole caregiver to the defendant's minor children. *United States v. Morrison*, 501 F. Supp. 3d 957 (D. Nev. 2020). Ms. Morrison's release was granted, not due to her personal health conditions, nor the conditions at FCI Dublin during the COVID-19 pandemic, but due to the court's concern that defendant's mother would not be able to continue in the care of the minor dependents. *Id.* at 959. Here, Mr. Littlejohn's grandmother is not a caregiver to his minor children, and she is being cared for by her husband.

Similarly, in *Kataev*, defendant was granted early release not on the grounds of his health conditions, nor the conditions of his incarceration, but due to the severity of the health conditions afflicting his wife, who was incapacitated and unable to continue as the sole caregiver for their minor daughter, who was wheelchair bound and suffered from cerebral palsy. *United States v. Kataev*, 2020 U.S. Dist. LEXIS 65756 (S.D.N.Y. Apr. 14, 2020). "Defendant's wife is disabled and cannot provide adequate care for their ten-year old child with cerebral palsy and periventricular leukomalacia… Defendant's wife, due to her own severe medical conditions, is unable to lift any weight greater than 20 lbs. without risk of serious injury… Due to stay-at-home orders or shut-downs, Defendant states that his elderly parents are also unable to assist." *Id* at 3.

6

Unlike the Petitioner in *Kataev*, Mr. Littlejohn's grandmother is not the caregiver for a disabled minor and has other family support.

Lastly, in *Reyes*, defendant was released, in part, to care for his elderly and ill aunt. He was fifty-years-old and had already served fifteen years (a majority) of his sentence. He had also made great strides in his rehabilitation and had a clear plan for re-entry upon release. *United States v. Reyes*, No. 04 CR 970, 2020 U.S. Dist. LEXIS 58894 (N.D. Ill. Apr. 3, 2020). Mr. Reyes had earned his associates degree from a local community college, further educated himself in several subjects, and obtained dual certifications in both food safety and tutoring. *Id.* at 5. Further, he was able to provide the court with multiple letters offering him employment upon release. *Id.* Mr. Reyes was released for all these reasons and not only because he claimed he was needed to assist his elderly and ailing relative. *Reyes* is inapposite.

### 4. Rehabilitative Efforts

Finally, Mr. Littlejohn represents that his rehabilitative efforts constitute an extraordinary and compelling reason for release. ECF Doc. 27 at 44-46. While noble, rehabilitation alone does not warrant granting compassionate release. *See United States v. Booker*, No. 1:13-CR-00050, 2020 U.S. Dist. LEXIS 28809, at *3 (N.D. Ohio Feb. 20, 2020) (finding that "rehabilitation of the defendant alone cannot serve as the basis for compassionate release").

### B. 18 U.S.C. § 3553(a) Factors

Even if Mr. Littlejohn had established an "extraordinary and compelling reason" for a sentence reduction, compassionate release is inappropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy

statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). These factors are initially considered during sentencing. In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

Mr. Littlejohn has over six (6) years remaining in his sentence and was convicted of very serious offenses including Distribution of Heroin and Fentanyl (Count 1) and Distribution of Fentanyl (Counts 2 and 3). ECF Doc. 23. Mr. Littlejohn argues that the Court should consider more than his presentence conduct. The Sixth Circuit's case law now clarifies that courts should analyze dangerousness (as part of the section 3553(a) factors) without artificially restricting themselves to pre-sentencing conduct under Guidelines § 1B1.13. Mr. Littlejohn represents that he has earned his GED and completed hours of programming focused on taking responsibility and developing skills in nonviolent conflict resolution. ECF Doc. 27 at 45. He has also submitted his L.E.A.D. certificate of achievement. ECF Doc. 27-3. These are good activities and accomplishments, and Mr. Littlejohn should continue to participate in programs available to him. But after considering the time remaining on his sentence and the seriousness of his convictions, the Court finds that the factors do not weigh in favor of granting Mr. Littlejohn's Motion for Compassionate Release.

Littlejohn cites *U.S. v. Vega* in support of his motion for early release. *United States v. Vega*, No. 1:16-cr-00319, 2020 U.S. Dist. LEXIS 148799 (N.D. Ohio Aug. 18, 2020). But *Vega* is not binding on this Court, and Defendant has not fully developed this argument. In *Vega*, defendant "pleaded guilty to one count of conspiracy to possess with intent to distribute heroin, fentanyl, and acetyl fentanyl, three counts of distribution of fentanyl and acetyl fentanyl, and one count of interstate travel in aid of racketeering." *Id* at *1. Defendant was sentenced to six (6)

years imprisonment and five (5) years of supervised release. *Id.* When his compassionate release motion was granted, defendant had already served the majority of his sentence. *Id.* Unlike the defendant in *Vega,* Mr. Littlejohn was sentenced to ten (10) years imprisonment and has served less than half of his sentence. *Vega* is distinct from the instant case and does not support Mr. Littlejohn's early release.

### IV. Conclusion

For the above reasons, Donta D. Littlejohn's Motion for Compassionate Release (ECF Doc. 27) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 21, 2021*
**Dan Aaron Polster**
**United States District Judge**